Robert F. McCauley (State Bar No. 162056)
robert.mccauley@finnegan.com
Jennifer S. Swan (State Bar No. 269935)
jennifer.swan@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:  (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Applicant
Abbott Laboratories

RECEIVED
JUL - 9 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 12 80 164 MISC EMC

| | |
|---|---|
| In re Application of Abbott Laboratories for Order to Obtain Discovery for Use in a Foreign Proceeding | Misc. Action No. <br><br> **ABBOTT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN DOCUMENTS SUPPORTING ABBOTT'S *EX PARTE* APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782(A) PERMITTING SUBPOENAS;** <br><br> **DECLARATION OF ROBERT F. MCCAULEY;** <br><br> [PROPOSED] **ORDER** |

1  Pursuant to Civil Local Rule 79-5, Abbott Laboratories ("Abbott") respectfully moves to file under seal Abbott's *Ex Parte* Application for Order Under 28 U.S.C. § 1782(a) Permitting Subpoenas, the Memorandum in Support of Abbott's *Ex Parte* Application, and the supporting Declaration of Robert F. McCauley and Exhibits A-C and E thereto.

First, Abbott's *Ex Parte* Application for Order Under 28 U.S.C. § 1782(a) does not foreclose any person or entity involved from contesting the Rule 45 subpoenas once issued and, thus, this application is not "dispositive." Because this is not a dispositive motion, Abbott need only show "good cause"—not a "compelling reason"—for the designated materials to remain under seal. *See, e.g., Kamakana v. Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions"); *Rich v. Hewlett-Packard Co.*, 2009 WL 2168688, at *1 (N.D. Cal. Jul 20, 2009) ("The motion is [ ] not 'dispositive' in the relevant sense, and a showing of good cause is sufficient to justify filing these documents under seal.").

Second, the information which Abbott seeks to protect is commercial information under Fed. R. Civ. P. 26(c)(1)(G) related to a confidential foreign proceeding. In this particular instance, the rules of the foreign tribunal require Abbott to keep certain information, including the existence of the specific foreign proceeding, strictly confidential. (*See* Ex. E. to McCauley Declaration.) Accordingly, any information that could permit the public to ascertain (1) the identity of the party against whom Abbott is seeking the foreign proceeding, (2) the identity of the specific tribunal, or (3) the subject matter of the dispute, which has been noticed for the foreign proceeding, could potentially lead to litigation over the confidentiality issue.[1] Accordingly, good cause exists under

---

[1] Abbott does not admit any that any particular disclosure would constitute a violation of the rules of any foreign tribunal. However, Abbott seeks to avoid any public disclosure that could lead to a dispute with its counterparty over confidentiality. As evidenced by this motion, Abbott has made every reasonable effort to comply with the confidentiality rules of the tribunal before which it seeks relief.

Fed. R. Civ. P. 26(c)(1)(G) for the designated materials, addressed individually, and in detail below, to remain under seal.[2]

Because **Abbott's *Ex Parte* Application, the Memorandum in Support of Abbott's *Ex Parte* Application, and the supporting McCauley Declaration and Exhibit C thereto** identify a party against whom Abbott is invoking the foreign proceeding (and predecessor entities) and the specific nature of the parties' dispute, Abbott respectfully requests to file said papers under seal. In this instance, the public revelation of the name(s) of said party and predecessor entities, as well as patent and application numbers and the names of declarants/participants of said party and predecessor entities, could reveal the identity of the party adverse to Abbott, we well as the patent and subject matter that are the subject matter of the foreign proceeding.

In addition, because **Abbott's *Ex Parte* Application, the Memorandum in Support of Abbott's *Ex Parte* Application, and the supporting McCauley Declaration and Exhibits A-C** provide details of the technology and invention dates at issue in the foreign proceeding, they are being submitted for filing under seal. Specifically, from the technical details, subject matter, and dates, the general public could determine not only the patent-at-issue, but also the owner of that patent and the subject matter of the dispute. For example, using the technology terms and date ranges Abbott proposes to redact, a simple keyword search on the "Google Patents" or the PTO website yield lists of results that include the patent-at-issue. If the search is conducted in particular ways, that patent-at-issue is the first hit on the search. Accordingly, a person with even minimal knowledge of the subject industry could determine which patent is at-issue, the owner of the patent against whom Abbott is arbitrating the dispute, and the nature of the dispute.

**Abbott's *Ex Parte* Application, the Memorandum in Support of Abbott's *Ex Parte* Application, and the supporting McCauley Declaration and Exhibit C** also identify and describe the existence, terms, and conditions of a confidential contract relating to a U.S. Patent. The

---

[2] Abbott is also under a separate contractual obligation to keep confidential the existence of a certain business relationship addressed in its papers, which is an independent basis to seal portions of Abbott's filings.

existence, terms and conditions of the contract are subject to a confidentiality restriction, and the terms and conditions of the contract are proprietary and a trade secret to Abbott, the public disclosure of which would cause Abbott competitive harm. Furthermore, public revelation of the nature and terms of the contract could reveal the identity of the party against whom Abbott is invoking the foreign proceeding, as well as the patent and subject matter of the dispute, which are themselves confidential under the terms of the contract.

Lastly, **McCauley Declaration Exhibit E** identifies the foreign tribunal under which Abbott's claim will be adjudicated, and the existence of the specific foreign proceeding is to be kept confidential under the body's rules.

**Documents Submitted for Partial Filing Under Seal:** Pursuant to Civil Local Rule 79-5, Abbott is lodging with the Clerk highlighted chambers copies of the documents that Abbott is submitting for partial filing under seal (specifically, **Abbott's Application, the Memorandum in Support of Abbott's *Ex Parte* Application, the supporting McCauley Declaration and Exhibits A and B**), in which the confidential information explained above is highlighted in yellow. Upon the direction of the Clerk, Abbott will also publicly file redacted copies of said documents.

**McCauley Declaration Exhibits C and E Submitted for Filing Under Seal in their Entirety:** In addition, Abbott is submitting **Exhibits C and E to the McCauley Declaration** for filing under seal in their entireties. As explained above, Exhibit C is submitted for filing entirely under seal because it discloses the patent-at-issue, the owner of the patent, details of a confidential contract, and technical information that could be used to identify the patent-at-issue and the subject matter of the dispute. Exhibit E is submitted for filing entirely under seal because it discloses the name and rules of the foreign tribunal that is the subject of strict confidentiality provisions, including even the very *existence* of the specific foreign tribunal itself.

## DECLARATION OF ROBERT F. McCAULEY

I, ROBERT F. McCAULEY, declare as follows:

1. I am an attorney licensed to practice before all Courts of the State of California and am admitted in this District. I am a partner of Finnegan, Henderson, Farabow, Garrett & Dunner LLP, counsel for Abbott in the above-entitled action. The matters stated herein are based upon my personal knowledge, and if called as a witness, I would testify as to them.

2. The factual representations made above in this Administrative Motion are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and this declaration was executed this 9th day of July, 2012, at Palo Alto, CA.

/s/ Robert F. McCauley
Robert F. McCauley

## [PROPOSED] ORDER

**IT IS HEREBY ORDERED** that Abbott's Administrative Motion to file under seal is GRANTED. The Clerk of the Court is ORDERED to file under seal the following documents:

1. Abbott's *Ex Parte* Application for Order Under 28 U.S.C. § 1782(a) Permitting Subpoenas;

2. The Memorandum of Law in Support of Abbott's *Ex Parte* Application; and

3. The supporting Declaration of Robert F. McCauley, as well as Exhibits A-C and E to the McCauley Declaration.

In addition, Abbott's outside counsel at Finnegan, Henderson, Farabow, Garrett & Dunner L.L.P. are authorized to sign and serve the subpoenas attached as Exhibits A and B to the McCauley Declaration.

**IT IS SO ORDERED.**

Dated: July 25, 2012



1