Robert F. McCauley (State Bar No. 162056)
robert.mccauley@finnegan.com
Jennifer S. Swan (State Bar No. 269935)
jennifer.swan@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666

Attorneys for Applicant
Abbott Laboratories

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re Application of Abbott Laboratories for Order to Obtain Discovery for Use in a Foreign Proceeding | Misc. Action No. 12-mc-80164-EMC-MEJ<br><br>**ABBOTT'S UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF STIPULATED PROTECTIVE ORDER;**<br><br>**DECLARATION OF ROBERT F. MCCAULEY;**<br><br>**[PROPOSED] ORDER** |

Pursuant to Civil Local Rule 79-5, Abbott Laboratories ("Abbott") respectfully moves to partially file under seal limited phrases of the Stipulated Protective Order Pursuant to Subpoenas Involving Highly Sensitive Confidential Information and/or Trade Secrets ("Stipulated Protective Order") signed on August 31, 2012 by Abbott and Genentech, Inc. ("Genentech," the party subpoenaed in this § 1782 action), submitted herewith.  Genentech, the other party to this § 1782 action, does not oppose this motion.  Abbott makes this request because, as explained more fully below, the Stipulated Protective Order references a confidential foreign proceeding, and the rules of the foreign tribunal require Abbott to keep certain information, including the existence of the specific foreign proceeding, strictly confidential.

First, Abbott's motion to seal portions of the Stipulated Protective Order is not a "dispositive" motion.  Accordingly, Abbott need only show "good cause"—not a "compelling reason"—for the designated materials to remain under seal.  *See, e.g.*, *Kamakana v. Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions"); *Rich v. Hewlett-Packard Co.*, 2009 WL 2168688, at *1 (N.D. Cal. Jul 20, 2009) ("The motion is [ ] not 'dispositive' in the relevant sense, and a showing of good cause is sufficient to justify filing these documents under seal.").

Second, the phrases in the Stipulated Protective Order which Abbott seeks to partially seal are commercial information under Fed. R. Civ. P. 26(c)(1)(G) and reveal the existence of a specific confidential foreign proceeding and its rules.  The rules of the foreign tribunal require Abbott to keep certain information, including the existence of the foreign proceeding, strictly confidential. (*See* Ex. E. to McCauley Declaration previously filed under seal as Dkt No. 13, the rules of the foreign tribunal.)  Public disclosure of the phrases sought to be sealed could permit the public to deduce the identity of the specific foreign tribunal and thus the existence of the specific foreign proceeding, and could potentially lead to litigation over the confidentiality issue.[1]  Accordingly,

---

[1] Abbott does not admit any that any particular disclosure would constitute a violation of the rules of any foreign tribunal.  However, Abbott seeks to avoid any public disclosure that could lead to a dispute with its counterparty over confidentiality.  As evidenced by this motion, Abbott has made

(continued…)

1 good cause exists under Fed. R. Civ. P. 26(c)(1)(G) for the references to the specific foreign tribunal and its rules to be partially filed under seal.

Pursuant to Civil Local Rule 79-5, Abbott is lodging with the Clerk a highlighted chambers copy of the Stipulated Protective Order that Abbott is submitting for partial filing under seal, in which the confidential information explained above is highlighted in yellow.  Abbott will also publicly file a redacted copy of the Stipulated Protective Order for public viewing.

### DECLARATION OF ROBERT F. McCAULEY

I, ROBERT F. McCAULEY, declare as follows:

1   I am an attorney licensed to practice before all Courts of the State of California and am admitted in this District.  I am a partner of Finnegan, Henderson, Farabow, Garrett & Dunner LLP, counsel for Abbott in the above-entitled action.  The matters stated herein are based upon my personal knowledge, and if called as a witness, I would testify as to them.

2.   The factual representations made above in this Administrative Motion are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and this declaration was executed this 31st day of August, 2012, at Palo Alto, CA.

　　　　　　　　　　　　　　　　　　　　 */s/  Robert F. McCauley*
　　　　　　　　　　　　　　　　　　　　　Robert F. McCauley

---

(…continued)
every reasonable effort to comply with the confidentiality rules of the tribunal before which it seeks relief.

**[PROPOSED] ORDER**

**IT IS HEREBY ORDERED** that Abbott's Administrative Motion to partially file under seal is GRANTED.

The Clerk of the Court is ORDERED to file under seal the STIPULATED PROTECTIVE ORDER PURSUANT TO SUBPOENAS INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS submitted with Abbott's motion to partially seal.

**IT IS SO ORDERED.**

Dated: September 7, 2012

Hon. Maria-Elena James
Chief United States Magistrate Judge